846 F.2d 1383
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Joseph TOKASH, Plaintiff-Appellant,
v.
William FATTARSI, et al., Defendants-Appellees.
 No. 87-1577.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 24, 1988.*
Decided May 4, 1988.
 Before NELSON, NOONAN and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joseph Tokash, pro se and at present a prisoner, brought suit under 42 U.S.C. Sec. 1983 charging in his amended complaint that the public defender assigned to him, William G. Fattarsi, three prosecutors in the Sacramento County District Attorney's office, two California judges, six Sacramento police officers and a public defender acting for another defendant Hankins, had conspired to deprive him of rights guaranteed under the Sixth, Eighth, Thirteenth and Fourteenth Amendments. The substance of his complaint was that while in custody he had been persuaded by police officers to be a filler in a lineup for Hankins who was suspected of multiple robberies including one of a Howard Johnson's. Before the lineup one of the defendants, Claude Reinolds, a deputy sheriff, showed Tokash surveillance photos from the Howard Johnson's robbery and suggested that he was the person in those photos. He told Tokash that the other prisoner was in custody for that robbery and Tokash would have to take him off the hook by admitting it. Despite this clear statement of police suspicion, Tokash alleges he was told that he had nothing to worry about in being a filler in the Hankins lineup. When he did form part of the lineup he was identified by several witnesses as the robber they had seen.
 
 
 3
 In a motion filed April 26, 1982 to set aside the information filed against him, Tokash made the point that he had been denied counsel in the lineup and been tricked into participation in the lineup. The lawyer making this motion was William G. Fattarsi, who is now a defendant in this action, charged by Tokash as one of the conspirators to deprive him of his civil rights.
 
 
 4
 In his appeal to the California State Court of Appeals, Tokash's counsel made a major point of the alleged denial of Tokash's right to counsel at the time of the lineup. The court decided against him even under the more liberal standards of the California Constitution. See People v. Bustamante, 30 Cal.3d 88, 177 Cal.Rptr. 576, 634 P.2d 927 (1981). Having been given a fair and full opportunity to present his federal constitutional claim in the state system, he is now estopped from raising it in this proceeding. Allen v. McCurry, 449 U.S. 90, 103-104 (1980).
 
 
 5
 Tokash's Eighth and Thirteenth Amendment claims are without substance. Tokash's Fourteenth Amendment claim is a restatement of his Sixth Amendment claim that he was deprived of the assistance of counsel. Apart from that contention, he is only asserting that defendants had a constitutional duty not to persuade him to enter a lineup where he might be identified. There is no such constitutional duty.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Fed.R.App. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3